# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re:* A.S.

No. 12-1029 (Barbour County 11-JA-15)

## MEMORANDUM DECISION

Petitioner Father, by counsel Megan M. Allender, appeals the Circuit Court of Barbour County's order entered on August 9, 2012, terminating his parental rights. The guardian ad litem, Karen Hill Johnson, has filed her response on behalf of the child. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect action was filed after both parents filed domestic violence petitions against one another. The child was removed from the home based on the allegations of domestic violence. During the pendency of the case, petitioner was incarcerated on unrelated charges; therefore, the circuit court held his request for an improvement period in abeyance. Once he was released, petitioner was granted an improvement period after he was adjudicated as abusing and neglectful. However, he failed to comply with the same, as he fled the jurisdiction while he was a participant in the Barbour County Corrections program; failed to appear for drug testing; and abandoned his child. Petitioner Father's parental rights were then terminated based on these findings.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's

1

account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father argues that the circuit court erred in finding that imminent danger existed at the time the petition was filed and that the child was illegally removed from the home. Petitioner argues that a petition could have been filed regarding the domestic violence in the home without removing the child since the parents were not living together at the time, thus eliminating the risk of harm to the child. Moreover, Respondent Mother later testified that she had falsified part of the information in the domestic violence petition. Petitioner next argues that the circuit court erred in terminating his parental rights, as it was not necessary to choose the most drastic of all possible dispositions.

The guardian responds in favor of the removal and termination of parental rights, arguing first that each parent had admitted to domestic violence in the home with the child present, which shows that imminent danger to the child did exist. The guardian next argues that the termination was proper, as Petitioner Father did not successfully complete his improvement period, fled the jurisdiction from a pending criminal case in Barbour County, and failed to complete drug testing. The DHHR also concurs in the removal and termination of parental rights. The DHHR notes that within a short period of time, the parents were living together again, thus showing that the child was in imminent danger based on the domestic violence between the parents. Further, the DHHR argues that termination was in the best interest of the child.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Likewise, this Court finds no error in the removal of the child based on imminent danger relating to the pattern of domestic violence in the home.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, the circuit court's order terminating petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II